IN THE SEVENTH JUDICIAL
CIRCUIT COURT, IN AND FOR
ST. JOHNS COUNTY, FLORIDA

CASE NO.:

BIANCA BANTAG,

      Plaintiff,

vs.

JOHN DOE and
WERNER ENTERPRISES, INC., a Foreign
Profit Corporation,

      Defendants.

_____/

## COMPLAINT

COMES NOW the Plaintiff, BIANCA BANTAG by and through the undersigned counsel, and sues Defendants, JOHN DOE and WERNER ENTERPRISES, INC. and alleges:

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1.    This is an action for damages that exceed Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs and attorneys' fees.

2.    At all times material hereto, BIANCA BANTAG, was a natural person residing in St. Johns County, Florida.

3.    Upon information and belief and at all times material, Defendant JOHN DOE was a natural person residing in Florida.

4.    At all times material hereto, Defendant, WERNER ENTERPRISES, INC., was a Foreign Profit Corporation authorized to do business and doing business in St. Johns County, Florida.

5.    At all times material hereto, Defendant, WERNER ENTERPRISES INC. operated a trucking division that delivered goods and services on behalf of its customers to locations

within the State of Florida, including the Dollar General store located at 1515 FL-207, St. Augustine, Florida 32084 where the incident that forms the basis of this lawsuit did occur.

6.     At all times material hereto, Defendant JOHN DOE, was a Class A licensed commercial driver and an employee of Defendant WERNER ENTERPRISES INC. acting within the course and scope of his employment.

7.     At all times material hereto, Defendant WERNER ENTERPRISES INC., was the licensed owner of, and responsible for the maintenance of the commercial vehicle operated by JOHN DOE.

8.     At all times material hereto, Defendant WERNER ENTERPISES INC., was the owner of, and/or in possession of, and responsible for providing and maintaining the commercial construction vehicle operated and in use by JOHN DOE, including the items being transported and/or stored on the truck whilst being delivered to the Dollar General located at 1515 FL-207, St. Augustine, Florida 32084.

9.     Upon information and belief, and with the knowledge, consent, and permission, of WERNER ENTERPRISES, INC., or in the alternative, by vesting in Defendant JOHN DOE the authority on behalf of WERNER ENTERPRISES, INC. did allow and consent to the presence in the truck and in the process of delivering goods, an agent of WERNER ENETERPRISES, INC. a non-party individual named JOHN DOE during the transportation and delivery of goods to the Dollar Store located at 1515 FL-207, St. Augustine, Florida 32084 on the date in question.

10.     On or about April 11, 2018, Plaintiff BIANCA BANTAG was at work at the Dollar Store located at 1515 FL-207, St. Augustine, Florida 32084.

11.     In execution of her job duties and responsibilities that day she was in the loading area at the rear of the Dollar Store when suddenly and without warning a package or similar item

2

was dropped by the non-party individual or Defendant JOHN DOE, or one or both of them from the back of the truck owned and operated by Defendant WERNER ENTERPRISES, INC., while in the process of unloading and delivering goods to the Dollar Store, striking Plaintiff about the head and neck areas.

12.     As a direct and proximate result of Defendants' negligence, Plaintiff, BIANCA BANTAG, suffered bodily injury including a permanent injury to the body as a whole, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of an existing condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead and enjoy a normal life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

13.     This action is not subject to the threshold requirements of Florida Statute 627.736.

14.     All conditions precedent to the filing of this Complaint have been met or waived.

## COUNT I - NEGLIGENCE CLAIM – JOHN DOE

15.     Plaintiff BIANCA BANTAG re-alleges paragraphs one (1) through fourteen (14) above and incorporates them herein.

16.     On or about April 11, 2018 Defendant, JOHN DOE suddenly and without warning caused goods being delivered to drop from the back of the truck owned and operated by Defendant WERNER ENTERPRISES, INC., while in the process of unloading and delivering goods to the Dollar Store, striking Plaintiff about the head and neck areas.

17.     Defendant, JOHN DOE, had a duty to unload and deliver the goods and products to Dollar General in a reasonably safe manner and to know of and abide by all laws and industry standards governing the safe storage and delivery of said goods.

3

18.     At that time and place, Defendant, JOHN DOE, negligently unloaded and or stored the delivered goods, so that one or more of them were caused to fall from the delivery truck and onto the head and neck of the Plaintiff standing nearby.

19.     At all times material hereto, Defendant, JOHN DOE, owed a duty to the public and Dollar store employees in the area where he was unloading, including the Plaintiff, to exercise reasonable care in the operation, storage, and unloading of goods from the vehicle in his custody and control so as to not subject other persons in the vicinity including the Plaintiff, to an unreasonable risk of harm or injury.

20.     At that time and place, Defendant, JOHN DOE, was careless, reckless, and negligent therefore breaching that duty in one or more of the following ways:

    a.  By failing to properly and safely store the goods being transported and delivered to the Dollar Store so as to prevent them from shifting and coming loose and falling from commercial vehicle;

    b.  By failing to keep the vehicle and good transported and stored in his custody under control;

    c.  By failing to maintain a safe and appropriate distance behind the Plaintiff while transporting the good during delivery;

    d.  By failing to maintain a proper lookout while transporting the deliverable goods;

    e.  By failing to appropriately secure the goods during transport;

    f.  By failing to exercise due care with regard to the matters contained herein.

21.     As a direct and proximate result of Defendant JOHN DOE's, negligence, Plaintiff, BIANCA BANTAG, suffered bodily injury including a permanent injury to the body as a whole,

pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of an existing condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead and enjoy a normal life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

   **WHEREFORE**, the Plaintiff BIANCA BANTAG, demands judgment for damages against Defendant, JOHN DOE, and other such relief deemed proper by the Court. Plaintiff also demands a jury trial on all issues so triable.

## COUNT II – VICARIOUS LIABILITY CLAIM - WERNER ENTERPRISES, INC.

   22.   Plaintiff BIANCA BANTAG re-alleges paragraphs one (1) through twenty-one (21) above and incorporates them herein.

   23.   On or about April 11, 2018 Defendant, JOHN DOE suddenly and without warning caused goods being delivered to drop from the back of the truck owned and operated by Defendant WERNER ENTERPRISES, INC., while in the process of unloading and delivering goods to the Dollar Store, striking Plaintiff about the head and neck areas.

   24.   Defendant, JOHN DOE, had a duty to unload and deliver the goods and products to Dollar General in a reasonably safe manner and to know of and abide by all laws and industry standards governing the safe storage and delivery of said goods.

   25.   At all times material hereto, the Defendant, WERNER ENTERPRISES, INC., is vicariously liable for the acts of negligence and breach of duty by its agent, employee, or servant, Defendant JOHN DOE, committed within the course and scope of his employment.

26.     At all times material hereto, Defendant, WERNER ENTERPRISES, INC., owed a duty to the public, including the Plaintiff, to enforce and exercise reasonable care in the operation and control of the goods being transported and delivered in its employee's custody so as to not subject other persons, including the Plaintiff, to an unreasonable risk of harm or bodily injury.

27.     At all times material hereto, Defendant, WERNER ENTERPRISES, INC., had a duty to ensure that its drivers and vehicles were reasonably safe and complied with all laws and industry standards concerning the safe operation and maintenance of commercial motor vehicles as well as the safe delivery of good being transported.

28.     On or about April 11, 2018 Defendant, WERNER ENTERPRISES, INC. was careless and negligent, therefore breaching those duties in one or more of the following ways:

a.     By failing to verify and ensure that Defendant, JOHN DOE properly stored and delivered goods to the location as set forth herein, including the proper packing and storage of deliverable goods and reasonable use of proper tools to transport those goods during on site delivery.

b.     By failing to properly train and instruct Defendant, JOHN DOE, and its drivers on the safe storage and delivery of goods and products on its trucks used to carry goods for-hire as a common carrier.

c.     By failing to properly supervise Defendant, JOHN DOE, and identify dangerous behavior that could have been corrected to avoid the injury as set forth herein;

d.     Knowingly failing to promote and enforce systems and procedures for the safe delivery and storage of products in its custody, thus, creating a zone and

6

culture of risk that constituted a dangerous mode of operation reasonably anticipated to cause injury and/or death to the public, including the Plaintiff.

    c.    By otherwise failing to exercise due care with regard to the matters contained herein.

29.    As a direct and proximate result of Defendant, WERNER ENTERPRISES INC.'s negligence, Plaintiff, BIANCA BANTAG suffered bodily injury including a permanent injury to the body as a whole, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of an existing condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead and enjoy a normal life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

**WHEREFORE**, the Plaintiff BIANCA BANTAG, demands judgment for damages against Defendant, WERNER ENTERPRISES INC., and other such relief deemed proper by the Court. Plaintiffs also demand a jury trial on all issues so triable.

**RESPECTFULLY** submitted this 18th day of October 2019.

        **MORGAN & MORGAN, P.A.**

        */s/ Eric Andeer*
        Eric Andeer, Esq.
        FBN 0088531
        Morgan & Morgan, P.A.
        2601 North Ponce De Leon Boulevard
        St. Augustine, FL 32084
        Telephone:  (904) 417-4182
        Facsimile:  (904) 417-4174
        Email:  eandeer@forthepeople.com
        Email:  stickner@forthepeople.com
        Attorney for Plaintiff